UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MELVIN BARHITE, Jr.,

        Plaintiff,                   Case No. 1:14-cv-218

v.                                     Honorable Paul L. Maloney

C.C. BROWN et al.,

        Defendants.
_____/

## ORDER FOR PARTIAL DISMISSAL
## and PARTIAL SERVICE

In accordance with the Opinion filed this date:

IT IS ORDERED that Defendants Brostoski, Mackie, Marran, Horton, Norton, O'Brien, Schram, Smith, Theut, Trierweiler, the unknown hearing investigator at Chippewa Correctional Facility ("Chippewa"), and the unknown librarian at Chippewa, be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c).

IT IS FURTHER ORDERED that Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Krick, Woods, and the unknown party identified as a first shift sergeant at Parnall Correctional Facility be DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint and any exhibits.

IT IS FURTHER ORDERED that immediately upon receipt of this order, Plaintiff

shall request that the prison make five (5) copies of the complaint and exhibits for service upon Defendants Brown, O'Connor, Ives, Krick, and Woods.[1]  Plaintiff is responsible for the cost of the copies.  If Plaintiff does not have sufficient funds to pay for the copies, the Michigan Department of Corrections provides loans for legal copies.  *See* Mich. Dep't of Corr., Policy Directive 05.03.116.

IT IS FURTHER ORDERED that within fourteen (14) days of this order, Plaintiff shall file with the Court the requisite number of copies of the complaint and exhibits along with a copy of this order OR an affidavit explaining why Plaintiff is unable to provide the requested copies within the fourteen-day period.  Should the Court find that the prison failed to make copies upon Plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

IT IS FURTHER ORDERED that Plaintiff's failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff is unable to provide the requested copies may result in the dismissal of his action without prejudice by the Court.

IT IS FURTHER ORDERED that upon receipt of the copies required by this order, the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants Brown, O'Connor, Ives, Krick, and Woods in the manner prescribed by Fed. R. Civ. P. 4(d)(2).  If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that Defendants Brown, O'Connor, Ives, Krick, and Woods shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not

---

[1] The Court is without sufficient information to order service on the unidentified first shift sergeant at Parnall Correctional Facility.

have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent.  Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so.  *See* 42 U.S.C. § 1997e(g)(1).  After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.

Dated:  June 26, 2014  /s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge