UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN BARHITE, JR., # 119839,   )
                                  )
                Plaintiff,        )   Case No. 1:14-cv-218
                                  )
v.                                )   Honorable Paul L. Maloney
                                  )
LYNETTE O'CONNOR,                 )
                                  )
                Defendant.        )
_____)

## REPORT AND RECOMMENDATION

This is a civil action brought by a state prisoner pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, *et seq.*, and the Rehabilitation Act (RA), 29 U.S.C. §§ 791, *et seq.* Plaintiff is an inmate at the Macomb Correctional Facility (MRF). (ECF No. 64). This lawsuit arises out of conditions of plaintiff's confinement in 2012 at the Parnell Correctional Facility and two other prisons. The only remaining defendant at this juncture is Nurse Practitioner Lynette O'Connor. The Court allowed the action to proceed under § 1983 and the ADA/RA against defendant O'Connor. (ECF No. 6 at 48, PageID.144).

On March 23, 2016, defendant O'Connor filed her motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a).[1] (ECF No. 57).

---

[1] It was noted in an earlier report and recommendation that defendant O'Connor would have been entitled to summary judgment based on 42 U.S.C. § 1997e(a) if she had joined in the motion for summary judgment filed by the other defendants. (ECF No. 46 at PageID.512).

Plaintiff's only response to defendant's motion for summary judgment is a document that he labeled as "PLAINTIFF'S SWORN AFFIDAVIT OF FACTS STATED." (ECF No. 60). Plaintiff conceded in his response to an earlier motion for summary judgment by other defendants that he did not file any grievances corresponding the claims that he has asserted in this lawsuit. (ECF No. 40 at 1, PageID.494). For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted and all plaintiff's claims against defendant O'Connor be dismissed.

## I.  Plaintiff's Allegations

Plaintiff alleges that he was an inmate at Parnell Correctional Facility from February 2012, through March 29, 2012. (Compl. at ¶¶ 21-41, PageID.13-15). He alleges that on February 22, 2012, Nurse Practitioner O'Connor changed his file to remove accommodations for a special diet, handicap table, frequent laundry, forearm canes, "Grabber and Shoe Horn," catheters, and "Brace Boots." (*Id*. at ¶¶ 21-22, PageID.13). Plaintiff alleges that Nurse O'Connor's actions constituted retaliation in violation of his First Amendment rights for a lawsuit that he filed in the Eastern District of Michigan claiming that he had been sexually assaulted during a pat down search conducted on October 20, 2011, by MDOC Corrections Officer Dave Sumner.[2]

---

[2]In August 2013, a magistrate judge in the Eastern District of Michigan recommended that the defendants' motion for summary judgment be granted on plaintiff's claims against Sumner and others. *See Barhite v. Sumner*, No. 12-13722, 2013 WL 6569861 (E.D. Mich. Aug. 22, 2013). On December 13, 2013, Judge Gershwin A. Drain adopted the report and recommendation and entered judgment in favor of the defendants. *See Barhite v. Sumner*, No. 12-cv-13722, 2013 WL 6569593 (E.D. Mich. Dec. 13, 2013). Three months after entry of judgment in the Eastern District, plaintiff filed this lawsuit. (ECF No. 1).

(*Id.* at Page ID.5) (citing *Barhite v. Sumner, et al.*, No. 4:12-cv-13722 (E.D. Mich.)). Plaintiff alleges that O'Connor worked with others to have accommodations removed in retaliation for plaintiff's lawsuit against Sumner and that her actions violated his First Amendment rights and his statutory rights under the ADA and RA. (*Id.* at ¶¶ 23-45, PageID.13-16).

## II. Defendant's Motion for Summary Judgment

### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with

-3-

affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Werner*, 677 F. App'x 996. 1001 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no

reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

  B. <u>Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies</u>

Defendant O'Connor has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This

requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3] The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

C. <u>Proposed Findings of Fact</u>

The following facts are beyond genuine issue. Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at all times relevant to his complaint. He is currently an inmate at the Macomb Correctional Facility (MRF). (ECF No. 64). Defendant O'Connor is a MDOC employee. The events giving rise to this lawsuit against defendant O'Connor allegedly occurred in 2012 at the Parnell Correctional Facility.

---

[3] A copy of the policy directive is found in the record. *See* ECF No. 58-2, PageID.606-12.

-7-

Plaintiff pursued an number of grievances through a Step III decision by the MDOC's Grievance and Appeals Section before he filed this lawsuit, but none of his grievances correspond to his claims against defendant O'Connor. (ECF No. 58-3, PageID.613-817; ECF No. 58-4, PageID.818-1021).

D.    Discussion

Defendant O'Connor has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against her as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not file any grievance against defendant O'Connor corresponding to his claims against her in this lawsuit. Plaintiff did not properly exhaust his claims against defendant O'Connor before he filed this lawsuit. I find that defendant has carried her burden on the affirmative defense and that she is entitled to dismissal of plaintiff's claims.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant O'Connor's motion for summary judgment (ECF No. 57) be granted and that a judgment be entered dismissing plaintiff's claims against defendant O'Connor and ending this lawsuit.

Dated:  August 18, 2017          /s/  Phillip J. Green
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R.

CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).